CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 06, 2024

LAURA A. AUSTIN, CLERK
BY:
            s/A. Beeson
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM LEE NICKENS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00615 |
| | ) | |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| LT. GULLETT, | ) | Chief United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff William Lee Nickens, a Virginia inmate proceeding *pro se*, filed a civil rights

action pursuant to 42 U.S.C. § 1983, which was severed by the court into two cases, one of

which is the above-captioned matter which involves allegations pertaining to the food service at

the Duffield Regional Jail Authority, and its impact on his right to free religious exercise.  (Dkt.

Nos. 1, 1-2.)  The remaining defendant, Lt. Gullett, moves to dismiss.  (Dkt. No. 14.)  The court

issued a *Roseboro* notice (Dkt. No. 15), and plaintiff did not respond to the motion to dismiss.

Lt. Gullett's motion will be granted.

I.  BACKGROUND

Nickens's claim in this matter is that he was denied a common fare diet in violation of his

religious beliefs.  He claims that he was told by Lt. Gullett that he "cannot have that diet even as

this jail served that diet in years past."  (Compl. at 5.)  In the exhibits attached to his complaint,

he provides a request dated June 7, 2023, stating "How do I get put on common fare tray."  A

response the following day by "food service" says "Contact LT Gullett."  (Dkt. No. 1-1 at 17.)

In a second request dated June 8, 2023, plaintiff wrote "LT Gullett, I wrote food service

requesting common fare tray, they told me to write to you . . . ."  The response, coming later the

same day, stated "the only tray that Lt. Gullett approves is the no meat tray."  (*Id.* at 18.)

Plaintiff seeks monetary relief and asks that Lt. Gullett be terminated from his employment.  (*See* Compl. at 6.)

## II.  ANALYSIS

### A.  Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A plaintiff must "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*.  *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to

"conjure up questions never squarely presented to them" or to "construct full blown claims from

. . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B. Religious Exercise Claims**

Under the Free Exercise Clause of the First Amendment, inmates retain a right to

reasonable opportunities for free exercise of religious beliefs without concern for the possibility

of punishment.  *See Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam).  To state a claim for

violation of rights secured by the Free Exercise Clause, as a threshold matter, an inmate must

demonstrate that he holds a sincere religious belief, and that a prison practice or policy places a

substantial burden on his ability to practice his religion.  *Carter v. Fleming*, 879 F.3d 132, 139

(4th Cir. 2018) (citing *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981)).

Similarly, under Religious Land Use and Institutionalized Persons Act (RLUIPA), the inmate

must show that the challenged policy substantially burdens his exercise of his religion.  *See* 42

U.S.C. § 2000cc-2(b); *Holt v. Hobbs*, 574 U.S. 352, 361 (2015).

Nickens's allegations about the denial of a common fare diet in violation of his religious

beliefs reflect an isolated incident that is insufficient to plausibly allege a substantial burden on

his ability to practice his religion.  *See, e.g.*, *Boughton v. GEO Group Inc.*, 1:20-cv-938

(TSE/JFA), 2023 WL 1928628, at *16 n.15 (E.D. Va. Feb. 9, 2023) (explaining that "federal

courts have repeatedly held that such isolated events involving a denial of religiously-mandated

food do not give rise to first Amendment or RLUIPA claims") (collecting cases).  His allegations

are also too sparse to plausibly allege the existence of a sincerely held religious belief.  And even

if plaintiff's allegations plausibly alleged that his religious exercise was subject to a substantial

burden, he has also failed to plausibly allege that the policies at issue are not the least restrictive

means of furthering a compelling governmental interest (RLUIPA claim) or that the policies are

not reasonably related to legitimate penological interests. *See Wright v. Lassiter*, 921 F.3d 413, 418 (4th Cir. 2019) (Under RLUIPA, the government has the burden to show that its policies satisfy strict scrutiny; "that is, the policies must represent the least restrictive means of furthering a compelling governmental interest") (citing 42 U.S.C. § 2000cc-1(a)); *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015) (Under the First Amendment, the plaintiff has the burden to show that the policies at issue are not "reasonably related to legitimate penological interests").

For these reasons, the court will grant the motion to dismiss.

### III.  CONCLUSION

The court will issue an appropriate order granting the motion to dismiss.

Entered: September 6, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge